**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.:

CARLOS BRITO,

       Plaintiff,

v.

PA'QUE TIBY CORAL GABLES LLC
D/B/A PUNTO CRIOLLO,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues PA'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO (hereinafter "Defendant"), and as grounds alleges:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, PA'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this ADA Complaint in Coral Gables, Florida.

5.      At all times material, Defendant, PA'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, owned and operated a commercial restaurant business located at 262 Andalusia Avenue, Coral Gables, Florida 33134 (hereinafter the "restaurant" or "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6.      At all times material, PA'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, was and is the owner of a commercial restaurant, which is a place of public accommodation, with its principal place of business in Miami, Florida.

7.      At all times material, Defendant, PA'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8.      Venue is properly located in the Southern District of Florida because commercial property and Defendant's commercial restaurant are located in Miami-Dade County, Florida; Defendant regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9.      Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive

2

publicity the ADA has received since 1990, Defendant have continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the business therein.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     The Defendant in the instant case is the owner of the commercial restaurant business is located at 262 Andalusia Avenue, Coral Gables, Florida 33134 which is a place of public accommodation.

13.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

14.     Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, owns, operates and oversees the commercial restaurant, to include all areas open to the public to its commercial restaurant business therein.

15.     The subject commercial restaurant is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial restaurant, to include a visit to the business on December 20, 2025, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.   He often visits the commercial restaurant business in order to avail himself of the goods and services offered there, and because it is less than twelve (12) miles from his residence and is near other businesses that he frequents as a patron and friends' homes that he frequents.   He plans to return to the restaurant

within two (2) months from the date of the filing of this Complaint.

16.     The Plaintiff, CARLOS BRITO, found the commercial restaurant business to be rife with ADA violations, despite having been previously sued by other Plaintiffs for ADA violations. The Plaintiff encountered architectural barriers at the commercial property and commercial restaurant business within the subject restaurant in violation of the ADA and wishes to continue his patronage and use of the premises.

17.     The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject restaurant. The barriers to access at Defendant's commercial restaurant business have each denied or diminished Plaintiff's ability to visit the restaurant and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

18.     Mr. Brito is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

19.     He is often frustrated and disheartened by the repetitiveness of the Complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. Brito is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

20.     Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, owns and operates the commercial restaurant which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the

ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, as the owner of the commercial restaurant is accordingly responsible for complying with the obligations of the ADA.

21. The place of public accommodation that Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, owns and operates is the commercial restaurant located at 62 Andalusia Avenue, Coral Gables, Florida 33134 and it is responsible for complying with the obligations of the ADA with its Landlord and Co-Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO.

22. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described commercial restaurant business, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial restaurant, in violation of the ADA. Plaintiff desires to visit the restaurant business located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial restaurant business is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the subject restaurant without fear of discrimination.

23. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, FOR COMMON AREAS**

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendant, A'QUE TIBY CORAL GABLES LLC D/B/A PUNTO CRIOLLO, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.     The Plaintiff had difficulty entering Defendant's space without assistance, as the entrance threshold is too high. Violation: The threshold rise is in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff had difficulty entering tenant spaces without assistance, as the required maneuvering clearance is not provided. Violation: The tenant entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Access to Goods and Services

i.     There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

C.  Public Restrooms

i.        There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.       The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided due to the door swinging into the restroom, violating Sections 4.2.3, 4.22.2, and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.       The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The Plaintiff could not transfer to the toilet without assistance, as a trashcan

7

obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

26.     The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendant's ADA violations.  Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the commercial restaurant.  Plaintiff further requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

27.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's commercial restaurant business, a place of public accommodation; and has otherwise been discriminated against and damaged by the

Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

28.	Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation and commercial restaurant facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendant has also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.	Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

9

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendant.

32.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the commercial restaurant/place of public accommodation where Defendant operates its business, located on and/or within the commercial property and commercial restaurant located at 262 Andalusia Avenue, Coral Gables, Florida 33134, to include the interiors, exterior areas, and the common exterior areas of the commercial restaurant in order to make that facility readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily

achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 4, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com

By: ___/s/_Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451